1  *Name:* **Mohamed Othmane Samie (CSBN: 344269)**

2  *Address:* **2414 S Garfield Avenue, Monterey Park, CA 91754**

3  *Phone:* **(818)-836-4976**

Attorney for Plaintiff
4  Timeless Production FZ LLC

5  **UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMELESS PRODUCTION FZ LLC., A UNITED ARAB EMIRATES LIMITED LIABILITY COMPANY, | Case No.: 5:25-cv-06186-SVK |
| Plaintiff, | |
| v. | |
| Alexandr Vladimirovich Vitvitskiy, an individual residing in Ukraine, and managing the YouTube channel MAD LAB, TRENDING MACHINE, VIDÉOS PÉPITES, EL LOQUERO, 미친놈들 대방출, EMOTIONSFABRIK, ハチャメチャ空間, ZONA INSANA and DOES 1-10, Inclusive | |
| Defendant. | |

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE** AND CONTINUING INITIAL CASE MANAGEMENT CONFERENCE

This matter is before the Court on Plaintiff's Motion for an order authorizing alternate service of process on Defendant pursuant to Fed. R. Civ. P. 4(f)(3) (ECF 15) (the "Motion"). For the reasons set forth below, the Motion is **GRANTED.**

1

This is a copyright infringement action alleging the unauthorized reproduction, alteration, redistribution, and monetized re-uploading of Plaintiff's copyrighted audiovisual works and registered 2D artwork. Defendant operates multiple monetized YouTube channels—including MAD LAB, Trending Machine, Vidéos Pépites, El Loquero, EMOTIONSFABRIK, ハチャメチャ空間, Zona Insana, and 미친놈들 대방출—through which the infringing content was allegedly published.

Defendant is a foreign online operator residing in Ukraine. On September 3, 2022, Ukraine issued a formal diplomatic declaration stating that, due to Russian military aggression and martial law, it cannot guarantee fulfillment of its Hague Service Convention obligations. As a result, Hague service is presently unavailable and traditional service mechanisms are impracticable.

Plaintiff alleges that Defendant systematically downloaded Plaintiff's copyrighted Tekniq videos, altered and falsified copyright-management information, and re-uploaded the works to his monetized channels, where he engaged in revenue-generating activities through the YouTube Partner Program. Plaintiff now seeks authorization to serve Defendant via electronic mail to the subpoena-verified Google account email address **smallishbeanslight@gmail.com**, which Google confirmed is the registered login and ownership credential for Defendant's channels.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) governs service of process on individuals located outside the United States. Rule 4(f)(3) authorizes a court to permit service on a foreign defendant "by other means not prohibited by international agreement, as the court orders." The Rule stands on equal footing with 4(f)(1) and 4(f)(2), and district

1  courts possess broad discretion to fashion alternative methods where traditional service is
2  unreliable or infeasible. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014–15
3  (9th Cir. 2002).
4        The Ninth Circuit has clearly held that Rule 4(f)(3) imposes *no hierarchical
5  or sequential requirement.* Plaintiffs need not attempt or exhaust Hague procedures before
6  seeking leave to effect service electronically. "Rule 4(f)(3) is merely one means among
7  several and is neither a last resort nor extraordinary relief." *Rio Properties*, 284 F.3d at 1015.
8  The Northern District of California has repeatedly affirmed this principle in recent actions
9  involving copyright-infringing YouTube operators residing in Ukraine. In *Viral DRM LLC
10 v. Maryna Lietucheva*, No. 3:23-cv-04300-JSC (N.D. Cal.), and *Viral DRM LLC v. Yariskav
11 Lepetyuk*, No. 3:24-cv-00746-JSC (N.D. Cal.), the Court authorized service via email only,
12 expressly holding that Rule 4(f)(3) does not require an attempt at Hague service where
13 Ukraine cannot execute such requests and where email is the only reliable method of
14 reaching defendants operating online.
15       To authorize service under Rule 4(f)(3), courts apply a two-step inquiry: (1)
16 The proposed method must not be prohibited by international agreement; and (2) The
17 proposed method must be reasonably calculated to provide actual notice.
18 *Rio Properties*, 284 F.3d at 1016; *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S.
19 306, 314 (1950).
20       Email service is widely accepted under Rule 4(f)(3), particularly where
21 defendants conduct their businesses entirely online and actively use the email address in
22 question. See *Keck v. Alibaba.com, Inc.*, 2018 WL 3632160, at *4 (N.D. Cal. July 31, 2018);
23 *Facebook, Inc. v. Sahinturk*, No. 20-cv-08153-JSC (N.D. Cal. Sept. 21, 2021).
24

Because Ukraine has not objected to email service under the Hague Convention, and because email is not an enumerated method regulated by Article 10, service by email is not prohibited by international agreement. *Williams-Sonoma, Inc. v. Friendfinder Inc.*, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007).

### III. DISCUSSION

Service by email is not prohibited by international agreement. Ukraine's declarations under the Hague Convention object only to postal channels, not email. The Hague Service Convention does not regulate electronic service, and courts within this District have repeatedly held that email service to defendants in Ukraine is permissible. *Williams-Sonoma*; *Keck*; *Facebook v. 9 Xiu Network*, 480 F. Supp. 3d 977, 986–87 (N.D. Cal. 2020).

Plaintiff has demonstrated that Defendant relies exclusively on electronic communications to operate his monetized YouTube channels, and Google's subpoena response confirms that **smallishbeanslight@gmail.com** is the verified, active login credential associated with those channels. This satisfies the Northern District of California's requirement that plaintiffs provide documentation linking the proposed service email address to the defendant's online operations.

Hague service is unavailable. Ukraine's September 3, 2022 declaration confirms that its Central Authority cannot process Hague requests due to the ongoing war and martial law. Courts in this District including in *Maryna Lietucheva* and *Yariskav Lepetyuk* have relied on that declaration to authorize email service as the sole feasible method.

1   Plaintiff has also submitted evidence that a test email delivered successfully
2   to the subpoena-verified address without any bounce-back, confirming that the inbox is
3   active and capable of receiving service materials.

4   Given Defendant's exclusive online operations, the impossibility of Hague
5   procedures, and the verified connection between Defendant and the email address, service
6   via email is "reasonably calculated, under all the circumstances," to apprise Defendant of
7   the action and therefore satisfies constitutional due process. *Mullane*, 339 U.S. at 314; *Rio*
8   *Properties*, 284 F.3d at 1017.

9   The Court finds that service by email is appropriate, necessary, and the
10   method most likely to provide Defendant with actual notice of this lawsuit.

11

**ORDER**

13   Plaintiff's Motion for Alternate Service is hereby **GRANTED**. Plaintiff is
14   authorized to serve the Summons, Complaint, and ⁁ all subsequent filings and discovery in this *(unless the Court orders otherwise,)*
15   matter upon Defendant solely via email smallishbeanslight@gmail.com.

16   Service shall be deemed complete upon transmission. *Plaintiff shall promptly file a certificate of service once service is made.*
17   *The Initial Case Management Conference scheduled for February 10, 2026 is CONTINUED to May 12, 2026 at 9:30 a.m. A Joint Case Management Statement is due by May 5, 2026.*
18   **IT IS SO ORDERED.**

19   Dated: January 29, 2026

20   *[signature: Susan van Keulen]*

21   United States ~~District~~ *Magistrate* Judge

22   Northern District of California

23

24

5

[~~PROPOSED~~] ORDER ON PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE